UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

Present: The Honorable   Douglas F. McCormick

| Nancy Boehme | CS 9/27/2016 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Sepand Akhavanhaidary | Peter Roan<br>Harsh Parikh |

**Proceedings:** **Defendants' Motion to Dismiss**
**Plaintiffs' Motion to Remand Action to State Court and Request for Costs and Expenses Pursuant to 28 U.S.C. § 1447(c) [12]**

    Cause called and counsel make their appearances. The Court tentative ruling is issued. Counsel argue motion. The Court grants in part SCAN's Motions to Dismiss under Rule 12(b)(1), rendering SCAN's Motions to Dismiss under Rule 12(b)(6) and Plaintiffs' Motion to Remand moot, and rules in accordance with the tentative ruling as follows:

    Before the Court are three identical Motions to Remand to State Court brought in three related cases by three different plaintiffs: Prime Healthcare Huntington Beach, LLC, Prime Healthcare Services-Garden Grove, LLC, and Prime Healthcare La Palma, LLC (collectively, "Plaintiffs"). Case No. 16-1226, Dkt. 12; Case No. 16-1247, Dkt. 14; Case No. 16-1284, Dkt. 15 (collectively, the "Motions to Remand").

    Also before the Court are three identical Motions to Dismiss filed by Defendant SCAN Health Plan ("SCAN"), based on lack of subject matter jurisdiction (Federal Rule of Civil Procedure 12(b)(1)) and failure to state a claim for relief (Federal Rule of Civil Procedure 12(b)(6)). Case No. 16-1226, Dkt. 11; Case No. 16-1247, Dkt. 12; Case No. 16-1284, Dkt. 13 (collectively, the "Motions to Dismiss").

    The Court has reviewed the Motions to Remand and the Motions to Dismiss, as well as the respective oppositions and replies. Case No. 16-1226, Dkt. 14, 15, 19, 20; Case No. 16-1247, Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

17, 18, 20, 21; Case No. 16-1284, Dkt. 19, 20, 22, 23.[1] For the reasons discussed below, the Court grants in part SCAN's Motions to Dismiss under Rule 12(b)(1), rendering SCAN's Motions to Dismiss under Rule 12(b)(6) and Plaintiffs' Motion to Remand moot.

## Statutory Background

The Medicare Act (also referred to herein as "Medicare") was enacted in 1965 as a federal health insurance program primarily benefitting those 65 years of age and older. See 42 U.S.C. § 1395 et. seq. It has been described as "among the most completely impenetrable texts within human experience," requiring "dense reading of the most tortuous kind." Rehab. Ass'n of Virginia, Inc. v. Kozlowski, 42 F.3d 1444, 1450 (4th Cir. 1994).

At its enactment, Medicare consisted of only two parts, Parts A and B. Under this "traditional" Medicare, the federal government paid health care providers directly for services rendered to Medicare beneficiaries. 42 U.S.C. §§ 1395c-1395i-5 (Part A), 1395j-1395w-6 (Part B). Congress authorized Part D of the Medicare Act in 2003, which provides for prescription drug coverage for Medicare enrollees. 42 U.S.C. §§ 1395w-101-154. Part E consists of "miscellaneous provisions." 42 U.S.C. §§ 1395x-lll.

This case concerns Part C of the Medicare Act, enacted in 1997 and creating the Medicare Advantage program. 42 U.S.C. §§ 1395w-21-29. Under Part C, Medicare enrollees can receive Medicare benefits through private organizations called Medicare Advantage Organizations, or "MAOs," instead of the government. Id. The government pays MAOs monthly fees in exchange for assuming the risk of providing covered services to enrollees. 42 U.S.C. § 1395w-23. The amount that MAOs receive per enrollee is based on contracts with the Centers for Medicare and Medicaid Services ("CMS"), an agency within the Department of Health and Human Services. Dkt. 11-2, Declaration of Lisa Davis ("Davis Decl.") ¶ 2; 42 U.S.C. § 1395w-27.

MAOs contract with certain health care providers to provide Medicare services. 42 U.S.C. § 1395w-22(d)(1). However, MAOs must also provide coverage for emergency services without regard to the emergency care provider's contractual relationship with the MAO. Id. MAOs reimburse non-contracting providers who provide these emergency services based on rates set by

---

[1] Given that the parties have filed virtually identical briefs across the three related cases, from this point forward in the Court's Memorandum and Order, any CM/ECF docket references are to Case No. 16-1226, and pertain equally to the identical briefs filed in Case Nos. 16-1247 and 16-1284.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

the Medicare Act and related regulations. See 42 C.F.R. § 422.214(a) (payments limited to what "the provider would collect if the beneficiary were originally enrolled in Medicare").

### Plaintiffs' Claims

Plaintiffs meticulously avoid invoking the Medicare Act in their Complaints. See Dkt. 11-1 ("Complaint"). Rather, Plaintiffs describe themselves as "non-participating providers" entitled "to be reimbursed by [SCAN] for care provided to [SCAN's] members based on [Plaintiffs'] reasonable and customary rates." Id. at 3-4. Plaintiffs allege that, contrary to SCAN's "statutory and contractual duties," SCAN reimbursed Plaintiffs at artificially deflated rates. Id. Plaintiffs cite California law for this proposition. See Complaint. It is readily apparent, however, based on Plaintiffs' own briefing, that Plaintiffs seek reimbursement from SCAN, an MAO, for emergency services rendered to its Medicare Advantage plan enrollees. See, e.g., Dkt. 14 at 9 (stating that SCAN is responsible for reimbursing Plaintiffs for services rendered to enrollees because SCAN is an operator of Medicare Advantage Plans under Medicare Part C).

Plaintiffs bring five claims under California law against SCAN. First, Plaintiffs bring quantum meruit claims for breach of implied contracts, citing California regulations that allegedly require SCAN to reimburse Plaintiffs for the "reasonable" value of emergency services provided to SCAN's "members." Complaint at 5-6. Second, Plaintiffs bring claims under California's Unfair Competition Law for failure to reimburse Plaintiffs for the "reasonable and customary value" for Plaintiffs' services, as California law allegedly requires, and for sometimes failing to reimburse Plaintiffs at all. Id. at 6-7. Third, Plaintiffs bring breach of contract claims as intended third-party beneficiaries of the Evidence of Coverage documents ("EOCs") provided by SCAN to its Medicare Advantage plan enrollees. Id. at 4-5, 8-9. Fourth, Plaintiffs bring breach of contract claims based on a theory of assignment. Plaintiffs argue that the EOCs entitle members to certain benefits, and that when plan members treated by Plaintiffs sign "Conditions of Admission" forms, they assign to Plaintiffs the members' rights to these benefits. Id. at 9-10. Fifth, Plaintiffs allege breach of the covenants of good faith and fair dealing "inherent in the EOCs." Id. at 10.

SCAN attaches to its Motions to Dismiss sample copies of two of its EOCs. Davis Decl. ¶ 5A-B, Ex. A, Ex. B. The EOC booklets give members "details about [their] Medicare health care" coverage and are each over 200 pages long. Id., Ex. A at 3, Ex. B at 4.

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

## Analysis

SCAN moves to dismiss, arguing on the one hand under Rule 12(b)(1) that the Court lacks subject matter jurisdiction because Plaintiffs have not exhausted their administrative remedies, and arguing on the other hand under Rule 12(b)(6) that the Court has subject matter jurisdiction because Plaintiffs' claims are preempted by the Medicare Act. Plaintiffs agree that the Court lacks subject matter jurisdiction, but do so on the ground that their claims are <u>not</u> preempted, and argue that the Court should remand these cases to state court.
The threshold issue is whether the Court has subject matter jurisdiction. <u>See</u> <u>Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422, 430-431 (2007) (noting that a federal court generally may not rule on the merits of a case without first determining that it has subject matter jurisdiction). If SCAN is correct that Plaintiffs need to exhaust their administrative remedies, then the Court has no jurisdiction to reach Plaintiffs' claims before Plaintiff has pursued those remedies.

The Court declines to reach Plaintiffs' Motions to Remand because it determines that Plaintiffs must exhaust their administrative remedies.

*Whether the Third Sentence of 42 U.S.C. § 405(h) Limits This Court's Jurisdiction over Suits Brought by Non-Contracting Providers against MAOs*

In traditional Medicare, the Secretary of Health and Human Services ("Secretary") makes initial determinations with respect to benefits. 42 U.S.C. § 1395ff(a)(1). Dissatisfied parties may appeal these determinations through an administrative review process. 42 U.S.C. § 1395ff(b). Under 42 U.S.C. § 405(g), a claimant may request federal judicial review of the Secretary's "final decision" regarding a benefits determination. <u>See</u> 42 U.S.C. 1395ff(b)(1)(A) (making § 405(g) applicable to Medicare). A "final decision" consists of two elements: presentment of a claim for benefits (non-waivable) and exhaustion of administrative remedies (waivable by the Secretary or the Court in limited circumstances). <u>Johnson v. Shalala</u>, 2 F.3d 918, 921 (9th Cir. 1993).

Federal regulations provide for a separate MAO administrative review process for MAO benefits determinations (or "organization determinations"). <u>See</u> 42 C.F.R. §§ 422.582 (first step being request for MAO reconsideration), 422.592 (second step being appeal to private independent contractor), 422.600 (third step being request for administrative law judge hearing), 422.608 (fourth step being review by Medicare Appeals Council, a division of Health and Human Services), 405.1130 (making the council's decision "final and binding" unless federal district court modifies). MAO determinations include determinations made by MAOs with respect to payment for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

emergency services, and non-contracting providers like Plaintiffs can request and appeal MAO determinations.[2] See 42 C.F.R. §§ 422.566(c)(1)(ii) (stating that providers may request MAO determinations), 422.574 (stating that providers with an "appealable interest" are parties to an MAO determination), 422.578 (stating that a party to an MAO determination may appeal the determination).

Section 405(g) applies to the MAO review process. See 42 U.S.C. § 1395w–22(g)(5). Notably, § 405(g) does not limit alternative avenues of federal court jurisdiction over benefits disputes. Rather, it is the third sentence of 42 U.S.C. § 405(h) that limits these routes:

> The findings and decision of the [Secretary] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [federal defendant jurisdiction] of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (made applicable to Medicare by 42 U.S.C. § 1395ii). Thus, while the second sentence of § 405(h) states only that *if* plaintiffs pursue their administrative remedies, then the Secretary's ultimate decision cannot be reviewed excepted as provided by § 405(g), the third sentence of § 405(h) limits plaintiffs seeking federal judicial review to the administrative review process. The third sentence of § 405(h) accomplishes this by eliminating federal question jurisdiction over Medicare suits "against the United States, the [Secretary], or any officer or employee thereof."

The parties do not address in their briefing whether SCAN is an "officer or employee" of the United States or the Secretary. If SCAN is not, then this Court could have jurisdiction under § 1331, for example, and Plaintiffs would not need to pursue their administrative remedies. SCAN argues that the MAO review process is "mandatory"—i.e., provides the only jurisdictional basis for

---

[2] Plaintiffs argue, citing RenCare, Ltd. v. Humana Health Plan of Texas, 395 F.3d 555 (5th Cir. 2004), that providers cannot appeal a determination if an enrollee has no further liability to pay for MAO services. See Dkt. 19 at 5 (citing 42 C.F.R. § 422.562(c)(2) (if an "enrollee has no further liability to pay for services that were furnished by an MA organization, a determination regarding these services is not subject to appeal")). The Court reads that regulation differently. The regulation appears to limit the enrollee's ability to appeal if he has no further liability. To read it otherwise would conflict with the regulations allowing providers to request MAO determinations and, if they have "appealable interests," to appeal MAO determinations. See 42 C.F.R. §§ 422.566(c)(1)(ii), 422.574, 422.578.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

this Court. See Dkt. 11 at 18 (stating that Plaintiffs "must avail themselves" of the MAO review process); Dkt. 15 at 14-15 (stating that the MAO review process is mandatory for Plaintiffs). SCAN cites statutes and regulations describing the MAO review process, none of which limits this Court's jurisdiction. See, e.g., Dkt. 11 at 18 (citing 42 C.F.R. §§ 422.566, 574(b), 574(d), 578, 616(d)).

SCAN also cites language from a 1984 Supreme Court case, Heckler v. Ringer.[3] See Dkt. 15 at 15. In Heckler, the Supreme Court held that the third sentence of § 405(h) makes § 405(g) "the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." 466 U.S. 602, 615 (1984) (emphasis added). In Heckler, the only defendant was the Secretary of Health and Human Resources. And at the time, Congress had not enacted Part C of the Medicare Act. Heckler thus did not contemplate a suit like this one, brought not against the United States or the Secretary, but against a private company providing Medicare benefits and services, and making Medicare determinations, in exchange for a fixed monthly fee from the government. The Supreme Court's broad language regarding "all claims" arising under Medicare is not necessarily dispositive.

Few courts have addressed this issue. Most assume without analysis that the third sentence of § 405(h) applies to suits brought against MAOs. The best guidance this Court has found is a Seventh Circuit case concluding that the third sentence of § 405(h) applies to suits brought against the "fiscal intermediaries" provided for in traditional Medicare—private companies that act as the Secretary's agent in making reimbursement determinations. See 42 U.S.C. § 1395h(a). In Bodimetric Health Services v. Aetna Life & Casualty, 903 F.2d 480, 487 (7th Cir. 1990) (as amended), the Seventh Circuit concluded that "fiscal intermediaries" qualify as "officers or employees" of the Secretary under § 405(h), noting that "Congress intended for private organizations (and specifically financial intermediaries) to play a 'considerable role' in the Medicare reimbursement program."

While not authoritative, Bodimetric suggests that MAOs, by virtue of their contractual relationship with CMS and delegation of Medicare duties, might qualify as "officers or employees" of the Secretary, as those terms are used in § 405(h). On the other hand, enough distinctions may exist between traditional Medicare fiscal intermediaries and MAOs that MAOs should not be considered "officer[s] or employee[s]" of the United States, meaning that Heckler and the third sentence of § 405(h) would not apply and this Court could exercise jurisdiction under, for example, § 1331. To simplify matters, the Court looks to Ninth Circuit case law, by which it is bound.

---

[3] In its replies, SCAN cites to a recent Northern District of California case, Kaiser Foundation Health Plan, Inc. v. Burwell, 147 F. Supp. 3d 897 (N.D. Cal. Nov. 30, 2015). Dkt. 20 at 2. This decision only reflects that the MAO review process is available, not that it is the sole jurisdictional basis for this Court when a private party is the defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

      Two Ninth Circuit cases guide the Court's analysis. First, in Kaiser v. Blue Cross of California, owners of a Medicare provider brought statutory, constitutional, and common law claims against the federal government and fiscal intermediary Blue Cross. 347 F.3d 1107, 1110 (2003). The Kaisers, who along with the owned provider had filed for bankruptcy due in part to confusion over regulatory changes, maintained that Blue Cross had acted as an agent of the precursor to CMS and of the United States. Id. at 1111. The Kaisers argued that because they sought damages rather than Medicare payments, their claims against the government and Blue Cross did not "arise under" the Medicare Act for purposes of § 405(h), and they therefore did not need to exhaust their claims and could assert federal question jurisdiction. Id. at 1111-12. The Ninth Circuit disagreed, holding that the Kaisers' legal action was an attempt to recover on claims arising under Medicare because the suit dealt "with the appropriateness of [CMS's] and Blue Cross's decisions with respect to the compensation the Kaisers should have received for the services it provided to Medicare beneficiaries." Id. at 1114.

      Second, in Do Sung Uhm v. Humana, Inc., Medicare beneficiaries brought a putative class action against a health insurance provider for failure to provide promised prescription drug coverage under Part D. 620 F.3d 1134 (2010). The Uhms sued the provider for breach of contract, violation of state consumer protection statutes, unjust enrichment, fraud, and fraud in the inducement, claiming federal subject matter jurisdiction under 28 U.S.C. §1332(d) (original jurisdiction over certain class actions). Id. at 1139. The Ninth Circuit held that the Uhms' contract and unjust enrichment claims "arose under" Medicare and therefore had to be funneled through administrative review, reasoning that the claims were "backdoor attempt[s] to enforce the Act's requirements." Id. at 1143. The consumer protection and fraud claims, on the other hand, dealt with Humana's alleged misrepresentations and therefore did not "arise under" the Act (but were preempted by it). Id. at 1145.

      Neither Kaiser nor Uhm dealt with a lawsuit brought by a Part C provider (non-contracting or otherwise) against an MAO, involving neither government nor enrollee liability. However, the underlying assumption of both cases was that the only jurisdictional avenue for claims arising under Medicare brought by any plaintiff—whether suing the federal government or a private party acting as a government agent—is to exhaust the appropriate administrative review process. The Court therefore concludes that, even where suit is brought against an MAO, § 405(h) limits this Court's jurisdiction over unexhausted claims to those that do not "arise under" Medicare.

      The Court must next proceed to the test set out in Heckler to determine whether Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

claims "arise under" Medicare.

*Whether Plaintiffs' Claims "Arise Under" Medicare*

In Heckler, the Supreme Court held that claims arise under Medicare for purposes of § 405(h) if "both the standing and the substantive basis for the presentation" of the claims is the Medicare Act. Heckler, 466 U.S. at 614-15 (citing Weinberger v. Salfi, 422 U.S. 749 (1975)). The Heckler Court also noted that claims "inextricably intertwined" with a claim for Medicare benefits "arise under" Medicare. Id. at 624.

The Court is not certain that the Supreme Court in Heckler intended to create two independent tests for when claims "arise under" Medicare. The Heckler Court may have intended to bring non-Medicare causes of action "inextricably intertwined" with Medicare claims within the "standing and substantive basis" test's umbrella. However, the Ninth Circuit has interpreted Heckler as creating two separate tests for when claims arise under Medicare, for purposes of determining when the jurisdictional limitations of the third sentence of § 405(h) apply. See Uhm, 620 F.3d at 1141. The Court therefore adopts this approach.

Most courts forego the "standing and substantive basis" test in favor of the "inextricably intertwined" test where plaintiffs do not invoke Medicare in their complaints, as is the case here. See, e.g., id. at 1142 (holding that claims formulated under sources of law other than Medicare can nevertheless be "inextricably intertwined" with Medicare). Some of these courts have concluded that claims brought by providers against MAOs are not "inextricably intertwined" with claims for Medicare benefits. See, e.g., Ohio State Chiropractic Association v. Humana Health Plan Inc., 647 F. App'x 619 (6th Cir. 2016) (opining in dicta that a non-contracting provider did not need to exhaust administrative remedies because its state-law claims against an MAO arose from a "private billing dispute," no beneficiary was denied benefits or reimbursement, and no one contested whether Medicare covered the provided services); RenCare, Ltd. v. Humana Health Plan of Texas, 395 F.3d 555 (5th Cir. 2004) (holding that a contracting provider's claims for reimbursement from an MAO did not "arise under" Medicare because no enrollees sought benefits, the government had no financial interest in the case, and the dispute was between the provider and MAO).

These cases are not binding on this Court. And the Court is persuaded that under Ninth Circuit law, Plaintiffs' claims are inextricably intertwined with claims for Medicare benefits.

According to Plaintiffs, their claims are not intertwined with a "claim for benefits" because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

no enrollee has requested an MAO determination or been denied benefits. Dkt. 14 at 12-14. The Ninth Circuit might accuse Plaintiffs of being too literal. In Kaiser, the Ninth Circuit concluded that Medicare reimbursements to providers like Plaintiffs should also be considered, broadly speaking, a "claim for benefits," as the Heckler Court used that phrase. See Kaiser, 347 F.3d at 1115 ("The [provider's owners'] claims here are 'inextricably intertwined' with [the provider's] claims for Medicare reimbursement." (emphasis added)); see also Bodimetric, 903 F.2d at 483 (describing the Heckler test as one for claims inextricably intertwined with benefits "determinations"). The fact that providers, and not just enrollees, can request and appeal MAO determinations supports this interpretation of the concept aimed at by Heckler.

The Ninth Circuit is at odds in this regard with the Fifth Circuit in RenCare, which Plaintiffs cite heavily. See RenCare, 395 F.3d at 559-60 (concluding that the MAO review process focuses on enrollees, not health care providers, and that an MAO's failure to pay a provider is not an MAO determination subject to mandatory exhaustion of administrative remedies). Ninth Circuit authority controls.

Furthermore, it is not apparent to this Court that the Fifth Circuit correctly concluded in RenCare that the MAO review process protects only enrollee and not also provider rights. In the recent Northern District of California case, Kaiser Foundation, Health Plan, Inc. v. Burwell, a non-party provider owned by Prime Healthcare Services, Inc.—which appears to own Plaintiffs—went through each stage of the MAO review process, culminating with review by the Medicare Appeals Council and then a request for judicial review under § 405(g). 147 F. Supp. 3d at 902-04. Given this, it seems disingenuous of Plaintiffs to rely on RenCare for the proposition that the MAO review process does not protect a provider's interests.

More fundamentally, the Ninth Circuit has expressly held that claims dealing with the "appropriateness of [a defendant's] decisions with respect to the compensation [a provider] should have received for the services it provided to Medicare beneficiaries" are "inextricably intertwined" with claims for Medicare benefits. Kaiser, 347 F.3d at 1114. This language is unambiguous.

Courts other than the Ninth Circuit have undertaken a similar analysis with the same outcome. See, e.g., Tenet Healthsystem GB, Inc. v. Care Improvement Plus, 2016 WL 590222 (N.D. Ga. Feb. 11, 2016) (concluding that non-contracting providers bringing quantum meruit and unjust enrichment claims against an MAO needed to exhaust administrative remedies, "because Medicare regulations provide the standards governing their relationship with [the MAO], including the standards governing Plaintiffs' claims"); Associates Rehabilitation Recovery, Inc. v. Humana

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

Medical Plan, Inc., 76 F. Supp. 3d 1388 (S.D. Fl. Dec. 10, 2014) (holding that a contracting provider needed to exhaust administrative remedies for claims against MAO because the determination of whether benefits were medically necessary required analyzing Medicare Advantage plan documents); Doctors Medical Center of Modesto v. Kaiser Foundation Health Plan, Inc., 989 F. Supp. 2d 1009 (E.D. Cal. Feb. 14, 2013) (holding that a hospital's state common law claims against an MAO for open book account and account stated, while styled as state claims, turned on Medicare and CMS regulations for paying non-contracting emergency providers, and therefore were subject to exhaustion requirements).

 The parties vigorously dispute whether the reasoning in RenCare applies to cases involving non-contracting providers. See Dkt. 15 at 13-14; Dkt. 19 at 2-3. While the distinction between contracting and non-contracting providers may not be dispositive,[4] the Court concludes that the distinction matters. The RenCare Court addressed claims arising from a contract between an HMO and RenCare to provide kidney dialysis services to Humana's enrollees. RenCare, 395 F.3d at 556. As the RenCare Court put it, the dispute was "based on the parties' privately-agreed-to payment plan," agreements that are "subject to very few restrictions" where parties "may negotiate their own terms." Id. at 558-59. Here, on the other hand, the dispute over SCAN's payment obligation hinges on standards provided by Medicare and CMS regulations, not a private contract. SCAN would certainly raise this defense, and not without justification. It would be a stretch to conclude that Plaintiffs' claims, however framed, do not therefore "arise under" Medicare. See Tenet Healthsystem GB, Inc. v. Care Improvement Plus, 2016 WL 590222 (N.D. Ga. Feb. 11, 2016) ("It is critical here that Plaintiffs are non-contracting providers under the MA program, because Medicare regulations provide the standards governing their relationship with Defendant." (citing Kaiser, 989 F. Supp. 2d at 1014)); Doctors Medical Center, 989 F. Supp. 2d at 1015 (distinguishing RenCare on the same basis).

 Unlike in Kaiser, none of Plaintiffs' claims is independent of the underlying Medicare law. Compare Kaiser, 347 F.3d at 1115 (noting that plaintiffs' defamation and invasion of privacy claims were arguably not subject to the exhaustion requirement). All of Plaintiffs' claims aim directly at reimbursement for alleged shortfalls for Medicare benefits calculated by SCAN under Medicare, disguised as claims for reimbursement under state law.[5] Plaintiffs have neither alleged

---

  [4] For example, the Sixth Circuit recently indicated that it would apply RenCare's reasoning even to a lawsuit brought by a non-contracting provider against an MAO. See Ohio State Chiropractic Association v. Humana Health Plan Inc., 647 F. App'x 619 (6th Cir. 2016).
  [5] If Plaintiffs intend to argue that their state law claims do not arise from Medicare simply because they do not invoke it, the Court disagrees. See Uhm, 620 F.3d at 1143 ("[T]he Uhms have not alleged that Humana promised

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01226-DFM<br>**SACV 16-01247-DFM**<br>SACV 16-01284-DFM | Date | September 27, 2016 |
|---|---|---|---|
| Title | Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare-Garden Grove, LLC v. SCAN Health Plan, et al.<br>Prime Healthcare La Palma, LLC v. SCAN Health Plan, et al. | | |

that they have exhausted administrative remedies nor alleged that they meet the conditions for waiver of exhaustion. See Johnson, 2 F.3d at 921 (setting out the conditions for waiver). The Court does not believe that Plaintiffs would meet the conditions for waiver of exhaustion in any event. The three prerequisites are: "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Johnson, 2 F.3d at 921. Plaintiffs' claims are not collateral to the underlying Medicare reimbursement claims, Plaintiffs have not demonstrated a colorable claim of irreparability, and Plaintiffs have not shown that proceeding through administrative channels would not serve the policies underlying the exhaustion requirements. See Winter v. California Med. Review, Inc., 900 F.2d 1322, 1326 (9th Cir. 1989) (noting that exhaustion is generally required as a matter of preventing premature interference with agency processes).

The Court lacks jurisdiction to consider Plaintiffs' claims. See Kaiser, 347 F.3d at 1111 ("Jurisdiction over cases 'arising under' Medicare exists only under 42 U.S.C. § 405(g), which requires an agency decision in advance of judicial review.").

For the reasons set forth above, the Court is tentatively inclined to GRANT SCAN's Motions to Dismiss insofar as they are based on failure to exhaust administrative remedies. The remainder of SCAN's Motions to Dismiss and Plaintiffs' Motions to Remand would be moot, and Plaintiffs' Complaints dismissed without prejudice for lack of subject matter jurisdiction.

|  | : | 08 |
|---|---|---|
| Initials of Clerk | nkb | |

---

anything more than to abide by the requirements of the Act. Nor did they identify or describe in their complaint any provision creating obligations above and beyond Humana's obligations under the Act. Thus, there is no claim that the alleged contract imposed upon Humana any duties above and beyond compliance with the Act itself. Instead, the Uhms' breach of contract claim is a backdoor attempt to enforce the Act's requirements and to secure a remedy for Humana's alleged failure to provide benefits."); Dkt. 14 at 7 (where Plaintiffs aver that "[n]either the Medicare 'standards' nor any other regulations SCAN relies on are inconsistent with the contracts or [California] causes of action alleged").